## BANKS v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4730.   Decided May 9, 1929.   (278 P. 58.)

*W. A. Hilton*, of Salt Lake City, for plaintiff.

*George P. Parker*, Atty Gen., and *F. A. Trottier* Asst. Atty. Gen., and *Paul H. Ray* for defendants.

CHERRY, C. J.

Willard Allen Banks, an employee of the State Road Commission, died at Brigham City on September 3, 1927. Asserting that his death was the result of accident arising out of his employment, his dependents filed a claim with the Industrial Commission for compensation under the Workmen's Compensation Act. After a hearing, the claim was denied upon the ground that the employee's death was not the result of accident. The dependents have brought the case here by writ of review whereby they seek to annul the order of the Industrial Commission denying the claim upon the ground that the evidence was so clear and conclusive that the Industrial Commission was bound to find that the employee's death resulted from accident and to make an award of compensation accordingly.

At the time of the alleged accident, the employee Banks was the superintendent or foreman of a crew of workmen engaged in road construction in Provo canyon. Up to this time he was in apparently robust health. On August 23, 1927, at Provo City, he and other workmen were engaged in loading a retort weighing several tons on a flat car. Banks was supervising the work and assisting in the operation. He used a steel crowbar with which he pried and

lifted on the machine being loaded. A fellow workman testified that Banks finally stopped and dropped his crowbar, and said, "I have got to have a drink," and "where is the water?" And that he was "all in" and he was doing too much lifting and he had to "cut it out"; that his face was flushed and he was perspiring and breathing heavily; that he turned pale and trembled, and afterwards complained and said, "I am all in; I am as weak as a cat," etc.

Another workman engaged in the task stated that Banks was present supervising the work; that, after the retort was loaded, he saw him go and get a drink of water, and "as soon as he got his drink I think he and Mr. Linton went to town after some wire." This witness observed or heard nothing unusual and nothing to indicate that Banks was sick or had been injured.

He worked the remainder of that day, but did no more lifting. That evening he told his wife that he had had "a heck of a time getting that retort loaded." The next day, although a witness testified he was pale and weak, he helped load his household goods in a truck preparatory to moving. Two days after the alleged accident he called at the office of Dr. Andrew, as he was in the habit of doing occasionally, for a physical examination. The doctor made a rather superficial examination and found nothing wrong with Mr. Banks. He told the doctor that a day or two previous he had been loading some rather heavy machinery. The doctor said Banks looked haggard in appearance, but that he found nothing wrong with him. Banks then went to road camps near Logan and Brigham City and for several days attended to his usual duties for his employer, complaining at times of his physical condition. On September 3, 1927, he died at Brigham City. Several doctors gave expert evidence concerning the physical condition of the employee and their respective opinions as to the cause of his death. It was generally agreed that he died from a disease of the heart—angina pectoris or coronary occlusion. One doctor said that muscular or nervous strain could bring

about angina pectoris; another, that his condition was brought about by the heavy lifting at the time of loading the retort at Provo; another, that, while coronary occlusion is sometimes precipated by overexertion, he declined to say whether the overexertion or strain was a contributing cause in this case. Two doctors agreed with each other in the opinion that the alleged strain or overexertion was not connected with and did not contribute to the employee's death.

Upon this evidence the Industrial Commission made a finding that no accident had been proved, and denied compensation.

The Workmen's Compensation Act (Comp. Laws Utah 1917, § 3148, as amended by Laws 1919, c. 63, and Laws 1921, c. 67) provides that "the findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission."

We have heretofore held (*Kavalinakis* v. *Industrial Comm.*, 67 Utah 174, 246 P. 698) that findings of fact by the commission are conclusive on this court, and cannot be disturbed except upon clear and convincing evidence that the commission acted arbitrarily or capriciously, and without sufficient cause refused to follow uncontradicted evidence.

The evidence in the present case is not of sufficient weight and force to command a finding of accidental death. We are not called upon to decide whether it is sufficient to sustain an award, had one been made, but assuming that it is sufficient for such purpose it does not follow that the commission was bound to make an award. The evidence that the employee was subjected to a strain or overexertion was uncontradicted, but that it resulted in a physical injury to the employee was positively contradicted by the opinion evidence of two doctors, and also rendered improbable by the testimony of a fellow workman who was present at the time and observed the deceased employee, but saw

or heard nothing to indicate that he had been injured. We cannot say upon this record that, in denying the claim, the Industrial Commission acted arbitrarily or capriciously, or without sufficient cause rejected uncontradicted evidence.

ORDER AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.